IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-21-0676 |
| STEPHEN R. KONCURAT, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

The United States of America (the "United States" or the "Government") brought this action seeking a judgment against Stephen R. Koncurat and Tamara K. Koncurat (collectively the "Koncurats") for unpaid federal income tax liabilities associated with tax years 2005, 2006, and 2010 through 2016. (ECF No. 1.) On September 6, 2022, this Court entered summary judgment in favor of the United States and ordered the parties to brief the issue of the Koncurats' then-current outstanding balance of taxes, interest, and penalties. (ECF No. 27.)

The Government submitted an updated accounting by the Internal Revenue Service ("IRS") of the Koncurats' outstanding tax liabilities, which are as follows:

| Tax Type | Tax Period Ending | Outstanding Balance (as of September 6, 2022) (including interest and penalties) |
|---|---|---|
| 1040 | 12/31/2005 | $183,703.47 |
| 1040 | 12/31/2006 | $147,128.31 |
| 1040 | 12/31/2010 | $68,941.42 |
| 1040 | 12/31/2011 | $15,203.75 |
| 1040 | 12/31/2012 | $15,469.57 |
| 1040 | 12/31/2013 | $38,195.53 |
| 1040 | 12/31/2014 | $66,303.08 |
| 1040 | 12/31/2015 | $71,911.61 |
| 1040 | 12/31/2016 | $83,793.29 |

| Total: | $690,650.03 |
|---|---|

(Decl. Laura Schmid ¶ 5, Pl.'s Mot. Compliance Ct. Order, ECF No. 28-1.) This accounting was produced using the IRS's Integrated Data Retrieval System ("IDRS"), which "track[s] events that affect a taxpayer's account," including "return[s], assessments, payments, and credits." (*Id.* ¶ 4.)

In response, the Koncurats concede that the accounting "appear[s] to be accurate," but they raise two "caveats": first, they assert that the "statute of limitations for collections under I.R.C. § 6502 might have expired prior to Plaintiff filing the complaint for this suit"; and second, they argue that "no information was provided explaining" how interest and penalties were calculated or whether the Koncurats' prior installment payments were taken into account. (ECF No. 29.)

With respect to the first issue, it is inappropriate for the Koncurats to assert the statute of limitations at this stage of litigation. "[T]he statute of limitations is an affirmative defense, meaning that the defendant generally bears the burden of affirmatively pleading its existence." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006). The Koncurats did not raise this affirmative defense at all in response to the Government's motion for summary judgment. (*See generally* ECF No. 24.) They now argue only that the statute of limitations "might" apply and provide no evidence in support of that vague assertion.[1] Because the Koncurats have not properly raised this defense, the Court declines to consider it.

Regarding the Koncurats' second objection, this Court, in its foregoing Memorandum on Summary Judgment, (ECF No. 26), applied the rule that an IRS "assessment is entitled to a legal presumption of correctness[.]" *United States v. Fior D'Italia, Inc.*, 536 U.S. 242, 242 (2002). That presumption remains in place at this stage of litigation, and the burden rests with the Koncurats to

---

[1] To the extent that the Koncurats intend for this objection to be construed to rebut the presumption of correctness afforded to the IRS's assessment of their liability, the Court, applying the *Higginbotham* standard discussed below, finds that they have not carried their evidentiary burden.

rebut it. *United States v. Janis*, 428 U.S. 433, 440 (1976). In order to do so, they must "introduce[] evidence sufficient to support a finding that the assessment is wrong[.]" *Higginbotham v. United States*, 556 F.2d 1173, 1176 (4th Cir. 1977).

The Koncurats have not met their burden. They submitted no evidence to refute the accuracy of the assessment. They rely on the bare assertion that "it is impossible to confirm [its] accuracy," but an inability to confirm without more does not amount to a rebuttal. (ECF No. 29.) Further, the Koncurats concede elsewhere in their response that the IRS's calculations "appear to be accurate." (ECF No. 29.) In view of the presumption of correctness afforded to IRS assessments and the Koncurats' failure to overcome that presumption, the Court accepts the IRS's accounting and finds that as of September 6, 2022, the Koncurats owed a total of $690,650.03 in unpaid federal taxes, interest, and fees to the United States Government.

For the foregoing reasons, a Final Judgment shall issue separately against the Koncurats in the amount of $690,650.03. This judgment shall be entered without prejudice to any administrative processes by which the IRS may continue to accrue and collect interest and penalties on the Koncurats' outstanding tax liabilities. To the extent that the Government seeks an amendment to the Court's final judgment to reflect as-yet-unaccrued interest and penalties, it is instructed to submit briefing on the Court's authority to do so.

DATED this \_\_\_20\_\_\_ day of October, 2022.

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
Chief Judge